Filed Under Seal

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 18-_____ |
| v. | : | DATE FILED: _____ |
| CHRISTIAN TEDROW | : | VIOLATIONS:<br>15 U.S.C. § 78m(d), 78ff & 17 C.F.R. § 240.13d–1 (failure to file statement – 1 count)<br>15 U.S.C. § 78p(a), 78ff & 17 C.F.R. § 240.16a–3 (failure to file statement – 1 count)<br>Notice of forfeiture |

## INFORMATION

### COUNT ONE

**THE UNITED STATES ATTORNEY CHARGES THAT:**

From at least in or about September 2012 through at least in or about May 2014, in the District of Columbia and elsewhere, defendant

**CHRISTIAN TEDROW,**

a person who acquired directly and indirectly the beneficial ownership of an equity security of a class which was registered pursuant to Section 78l of Title 15 of the United States Code, and was directly and indirectly the beneficial owner of more than five per centum of such class, to wit, common stock of Mainstream Entertainment, Inc. ("Mainstream"), n/k/a Volt Solar Systems, Inc., willfully and knowingly failed, within ten days after such acquisition, to file with the U.S. Securities and Exchange Commission ("SEC") a statement containing any of the information set forth in Title 15, United States Code, Section 78m(d)(1)(A) through (E), and such additional

information as the SEC by rules and regulations prescribed as necessary and appropriate in the public interest and for the protection of investors, to wit, CHRISTIAN TEDROW failed to disclose his beneficial ownership interest in excess of five percent of Mainstream common stock.

In violation of Title 15, United States Code, Section 78m(d) and 78ff, and Title 17, Code of Federal Regulations, Section 240.13d–1.

## COUNT TWO

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

From at least in or about September 2012 through at least in or about May 2014, in the District of Columbia and elsewhere, defendant

**CHRISTIAN TEDROW,**

a person who acquired directly and indirectly the beneficial ownership of an equity security of a class which was registered pursuant to Section 78l of Title 15 of the United States Code, and was directly and indirectly the beneficial owner of more than ten percent of such class, to wit, common stock of Mainstream Entertainment, Inc. ("Mainstream"), n/k/a Volt Solar Systems, Inc., willfully and knowingly failed, within ten days after such acquisition, to file with the U.S. Securities and Exchange Commission ("SEC") a statement containing any of the information set forth in Title 15, United States Code, Section 78p(a), and such additional information as the SEC by rules and regulations prescribed as necessary and appropriate in the public interest and for the protection of investors, to wit, CHRISTIAN TEDROW failed to disclose his beneficial ownership interest in excess of ten percent of Mainstream common stock.

In violation of Title 15, United States Code, Section 78p(a) and 78ff, and Title 17, Code of Federal Regulations, Section 240.16a–3.

# NOTICE OF FORFEITURE

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

1. As a result of the violations of Title 15, United States Code, Section 78ff, set forth in this information, defendant

**CHRISTIAN TEDROW**

shall forfeit to the United States of America any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of such offenses, including, but not limited to, the sum of $94,818.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28 United States Code, Section 2461(c), incorporating Title 21, United States Code 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 981(a)(1)(C).

_____
**WILLIAM M. McSWAIN**
**UNITED STATES ATTORNEY**